PETRA (PICKEL) FRANKS,                )
                                      )
        Plaintiff/Appellant,          )
                                      )       Appeal No.
                                      )       01-A-01-9705-CH-00214
VS.                                   )
                                      )       Montgomery Chancery
                                      )       No. 96-02-0027
DAVID EARL FRANKS,                    )
                                      )
        Defendant/Appellee.           )

FILED

October 29, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE

THE HONORABLE ALEX W. DARNELL, CHANCELLOR

KEVIN C. KENNEDY
127 South Third Street
Clarksville, Tennessee 37040
        Attorney for Plaintiff/Appellant

LARRY B. WATSON
320 Franklin Street
Clarksville, Tennessee 37040
        Attorney for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

The Chancery Court of Montgomery County denied Petra Franks' petition for a change of custody of her three minor children. Because we find no change of circumstances following the original award to the father, we affirm the lower court's judgment.

**I.**

On July 1, 1996 the chancellor granted David Earl Franks a bed and board divorce from Petra Franks on the ground of inappropriate marital conduct. Mr. Franks was also awarded custody of the parties' three minor children.

On December 18, 1996 Mrs. Franks petitioned the court for a change of custody, alleging a significant change of circumstances since the original order. The petition alleged that Mr. Franks had exposed the children to pornographic tapes and that he and his parents had disciplined the children in inappropriate ways.

In a further pleading styled "Plaintiff's Outline of Issues and Witnesses," Mrs. Franks alleged that the children were being neglected by Mr. Franks, specifically by failing to treat a skin condition suffered by all three; that Mr. Franks and his parents slapped the children and used a fly swatter to spank the youngest child; that the oldest child, seven year old Gabriella, still takes baths with her father; that the living conditions in Nashville where Mr. Franks had relocated were unsuitable; that Mr. Franks' parents smoked in the home; that the children were dirty; that Mr. Franks and his parents had connections with the Ku Klux Klan and were raising the children as white supremacists; and that since the divorce the children were losing their fluency in the German language, Mrs. Franks' native tongue.

After hearing the proof, the chancellor denied the petition for a change of custody. In his oral findings from the bench the chancellor said:

Well, in the initial case the Court said that it was interested in both the parties establishing a permanent residence. Where they plan to live and how they plan to care for themselves and minor children. It was concerned about Mr. Franks continued employment. Then it said it would set the child support at another hearing.

Since that Ms. Franks has raised a litany of complaints about her husband and averring that most of these are occurring since the bed and board decree in June of 1996.

On her cross-examination, most of these complaints were largely defused or they sort of merged into the activities of both parties during the marriage.

*   *   *

. . . It's the all American tragedy, but it hasn't changed since we had a hearing in June.

## II.

Custody decrees that have become final are res judicata on the facts existing at the time of the decree. *Nichols v. Nichols*, 792 S.W.2d 713, 715 (1990). Therefore, to obtain a change of custody the petitioner must allege and prove that circumstances have changed since the prior order. *Dodd v. Dodd*, 737 S.W.2d 286, 290 (Tenn. App. 1987). Facts that could have been anticipated at the time of the former order may not be used to establish a change of circumstances. *Hicks v. Hicks*, 176 S.W.2d 371, 375 (1943).

The chancellor found as a fact that the list of horribles Mrs. Franks set forth in her pleadings were either not proved or were litigated in the former hearing. We have examined the record from both hearings and we conclude that while Mrs. Franks did allege a change of circumstances, she failed to prove it. The evidence does not preponderate against the chancellor's finding that her proof did not support the allegations in her pleadings. See Rule 13(d), Tenn. R. App. Proc. Therefore, the chancellor did not abuse his discretion in deciding that the interests of the children

- 3 -

would be best served by leaving them with their father. *Gray v. Gray*, 885 S.W.2d 353 (Tenn. App. 1994).

- 4 -

The judgment of the lower court is affirmed and the cause is remanded to the Chancery Court of Montgomery County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE